UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAUREEN CODERRE, on behalf of herself,     CASE NO. 14-62377-CIV-DIMITROULEAS
and others similarly situated,

            Plaintiffs,

vs.

WILSON WADDELL COMPANY, LLC, a
Florida Limited Liability Company, d/b/a J. MARK'S RESTAURANT AND BAR; ARIEL
AYALA; and STEVEN WILSON,

            Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY CLASS CERTIFICATION

THIS MATTER is before the Court upon Plaintiff's October 28, 2014 Motion for Preliminary or Conditional Class Certification [DE-9].  The Court has considered Defendants' November 21, 2014 Opposition [DE-18] and Plaintiff's December 8, 2014 Reply [DE-22].  The Court has considered the Motions; all supporting and opposing filings, and the record in the case.  For the reasons set forth below, the Court now Plaintiff's Motion for Conditional Certification [DE-9].

## BACKGROUND

On September , 2014, Plaintiff Maureen Coderre filed this lawsuit against her employers, restaurant chains owned by J. Marks's, under the Florida Law and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of herself and all persons similarly situated.  [DE-1-1].  She alleges minimum-wage and overtime violations. On October 10, 2014.  Three other Plaintiffs (Rachel Perlin, Doreen Aquilar, and April Vallee) filed consent to join forms.  [DE-7].  On January 5, 2015 Stacy B. Gomes filed a consent to join.  [DE-24].  On October 16, 2014, Defendants removed the case to this court.  [DE-1].

1

**DISCUSSION**

1. Plaintiff's Motion for Preliminary Class Certification

The FLSA provides "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" can file a cause of action against their employers for alleged violations of the Act 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions include "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." Morgan v. Family Dollar Stores, Inc., 551 F. 3d 1233, 1264-65 (11th Cir. 2008) (citing Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, a class action brought under the FLSA can include only those plaintiffs who affirmatively opt into the action by filing their consent in writing in the court in which the action is brought. 29 U.S.C. § 216(b); see also De Leon-Granados v. Eller & Sons Trees, Inc., 497 F. 3d 1214, 1218-19 (11th Cir. 2007). As a result, the mere decision to certify a § 216(b) action does not, on its own, create a class of plaintiffs as in a Rule 23 class action. Morgan, 551 F. 3d at 1259 (quoting Cameron-Grant v. Maxim Healthcare Servs. Inc., 347 F. 3d 1240, 1249 (11th Cir. 2003)). It follows that "the importance of certification, at the initial stage, is that it authorizes either the parties or the court itself, to facilitate notice of the action to similarly situated employees" and create the class. Morgan, 551 F. 3d at 1259 (citing Hipp v. Libery Nat'l Life Ins. Co., 252 F. 3d 1208, 1218 (11th Cir. 2001)).

In order to facilitate the early certification of a class, where proper, the Eleventh Circuit has sanctioned a two-stage procedure to effectively manage § 216(b) actions in the pretrial phase. Morgan, 551 F. 3d at 1260. The Eleventh Circuit Court of Appeals recommends, but

does not require, that district courts follow this two-tiered approach. See Hipp, 252 F. 3d at 1219. The first stage occurs during discovery and is called the "notice stage" or "conditional certification". If the court approves conditional certification in this first stage, putative class members receive notice of the action and the opportunity to opt in. Because of the conditional nature of the putative class, the standard at this first stage is described as "not particularly stringent", Hipp, 252 F. 3d at 1214, "fairly lenient," id. at 1218 and "flexib[le]," id at 1219. See Morgan, 551 F. 3d at 1260-61.

The second stage occurs if the defendant employer moves for decertification. Morgan, 551 F. 3d at 1261. This stage usually happens "just before the end of discovery, or at its close", when the court has a more extensive and detailed factual record. Id. Because the court has a more complete record and can make a more informed decision, this stage is "less lenient, and the plaintiff bears a heavier burden." Id. (citing Anderson v. Cagle's Inc., 488 F. 3d 945, 953 (11th Cir. 2007)).

(A) Conditional Certification Analysis

Courts of this District generally look at two major factors to determine whether conditional certification is proper: (1) whether other employees of the defendant employer desire to opt in; and (2) whether these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." Bennett v. Hayes Robertson Group, Inc., 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012)(quoting Dybach v. State of Fla. Dept. of Corrs., 942 F. 2d 1562, 1567-68 (11th Cir. 1991)).

    i. The Number of Other Employees Who Desire to Opt In

Plaintiffs' burden to show the existence of other potential opt-ins is not onerous. "[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" Bennett, 880 F. Supp. 2d at 1283 (quoting Guerra v. Big Johnson Concrete Pumping, Inc., 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006)). Indeed, courts in this District have conditionally certified classes with as few as twelve affidavits from potential plaintiffs. Reyes v. AT & T Corp., 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011); see also Bell v. Mynt Entm't, LLC, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (holding affidavits of seven plaintiffs that indicated that others desired to opt in sufficient for conditional certification). On the other hand, where the only evidence in support of the existence of other employees who wish to opt in is an unsworn statement from the plaintiff's counsel that "[u]ndoubtedly, there exist similarly situated individuals who would opt in to this action if given notification," conditional certification is nor proper. Williams v. Imperial Hospitality Group, Inc., 2010 WL 3943590, at *2 (S.D. Fla. 2010).

Here, four employees have filed notices of their consent to join the collective action if the matter is certified. This satisfies this District's standards to show the existence of other potential opt-in plaintiffs.

        ii.  Whether the Other Employees Are Similarly Situated

The FLSA provides that actions can be brought under the statute "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," 29 U.S.C. § 216(b), but the FLSA does not define how "similarly situated" employees need to be to bring a collective action under §216(b), nor has the Eleventh Circuit adopted a precise definition of the phrase. Morgan, 551 F. 3d at 1259. Nevertheless, case law suggests that district courts look to whether the other employees are "similarly situated" with respect to their job

4

requirements and with regard to their pay provisions," Id. at 1259 ( quoting Dybach, 942 F. 2d at 1567-68), although those two factors by themselves are not dispositive, see Anderson, 488 F. 3d at 953 (quoting White v. Osmose, Inc., 204 F. Supp. 1309, 1314 (M.D. Ala. 2002)).  In evaluating these considerations, the Eleventh Circuit has emphasized that courts must analyze whether employees are similarly situated, and "not whether their positions are identical." Morgan, 551 F. 3d at 1260 (citing Grayson v. Kmart Corp., 79 F. 3d 1086, 1096 (11th Cir. 1996)).

To conduct this analysis, courts of this District commonly consider five factors at the conditional-certification stage: "1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] 5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar." Smith v. Tradesman Intern, Inc., 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003)(citing Stone v. First Union Corp., 203 F.R.D. 532 (S.D. Fla. 2001)); see also Carrera v. UPS Supply Chain Solutions, Inc., 2011 WL 1303151 at *4 (S.D. Fla. March 31, 2011))(applying the same five factors).  No one factor is dispositive, Reyes, 2005 WL 4891058 at *7, and the factors taken as a whole are not necessarily determinative of status not necessarily determinative of status as similarly situated employees, Meggs v. Condotte Am. Inc., 2012 WL 3562031, at *3 n.5 (S.D. Fla. 2012).  Nevertheless, the factors are "insightful and helpful," Meggs, 2012 WL 3562031, at *3 n. 5, and the Court applies them here.

(a) Whether Plaintiffs all Held the Same Job Title

As noted above, Plaintiffs seek conditional certification of a class consisting only of waiters and waitresses.

(b) Whether Plaintiffs Worked in the Same Geographic Location

Plaintiffs now only seek certification as to the Pompano Beach location.

(c) Whether the Alleged Violations Occurred During the Same Period

Plaintiffs have limited the temporal scope of their action to the three years prior to the filing of the Complaint, the FLSA statute of limitations.  [DE-97 at 28-29].  Courts of this District have previously certified FLSA collective actions covering similar periods.  See Bennett, 880 F. Supp. 2d at 1276 (conditionally certifying class for two years of overtime violations); Peralta v. Greco Intern. Corp., 2011 WL 5178274, at *4 (S.D. Fla. Oct. 31, 2011)(approving collective action for work performed over a three year period).  Thus, this third factor does not undermine Plaintiff's motion for conditional certification.

(d) Whether Plaintiffs were Subjected to the Same Policies and Practices

Plaintiffs have limited their request to one restaurant.

\ (e) Whether the Actions which Constitute the Alleged Violations are Similar

Plaintiffs allege two main types of violations: 1) a portion of the work of servers and bartenders was underpaid because an excessive proportion of their hours at the tip-credit wage consisted of non-tipped sidework; and by including ineligible employees n server tips and 2) not paid proper overtime wages.

As previously noted, "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" Hipp, 252 F. 3d at 1217 (quoting Grayson, 79 F. 3d at 1096).  That they have done.  "If, as Plaintiffs have alleged and

shown, they are all harmed by the same company pay policies, then it is of no consequence whether their job duties are similar, what kind of work they performed, why they worked off the clock, and the like.  What matters is that they did work off the clock, that [Defendants] required or permitted them to do so, and that they were not paid statutory overtime that was otherwise due.  Plaintiffs have satisfied their modest burden of showing these elements, notwithstanding the missing details on which [Defendants] would seize." Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1239 (S.D. Ala. 2008).

Accordingly, based on the totality of the circumstances, Plaintiffs have met their low burden to show the existence of other similarly situated employees who would join a collective action.  After the close of discovery, Defendants may move for decertification and ask this Court to conduct stage-two certification analysis if they so choose.

### (C) Plaintiffs' Notice and Consent Form

The parties shall confer and file a proposed Notice and Consent Form on or before January 28, 2015. Any disagreements shall be filed by that date.

### CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1.  Plaintiffs' Motion for Conditional Certification [DE-9] is Granted with respect to the class of servers and bartenders employed at Defendants' restaurants between September 2, 2011 and September 2, 2014.

2.  Defendants are directed to furnish Plaintiffs immediately, if they have not already done so, with the names and addresses of all members of the conditionally certified class;

3.  Plaintiffs are required to file all Consents to Become Party Plaintiffs in this lawsuit within ninety (90) days of the Court's approval of their Notice and Consent form.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of January, 2015.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record