UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-62377-DIMITROULEAS / SNOW

MAUREEN CODERRE, *et al.*,

    Plaintiff,
vs.

WILSON WADDELL COMPANY, LLC, *et al.*

    Defendants.
    _____/

## PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The Plaintiff, MAUREEN CODERRE, by and through undersigned counsel, pursuant to Rules 34 and 37 Fed.R.Civ.P., hereby files this Motion to Compel Supplemental Responses to Plaintiff's First Request for Production to Defendant Wilson Waddell Company, LLC d/b/a J. Mark's (hereinafter "J. Mark's"), Memorandum of Law and Certificate of Good Faith and says:

### PROCEDUAL BACKGROUND

The instant case involves allegations that Defendants violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §201 *et. seq.* by failing to properly pay the Plaintiff and other employees overtime and minimum wages, respectively. The Court granted conditional class certification on January 15 2015, pursuant to the FLSA's collective action procedures. See Order Granting Motion for Preliminary Class Certification (DE 25). On November 17, 2015, the Court entered its Scheduling Order (DE 16). This case is set for trial on the two-week calendar commencing **February 22, 2016**. The discovery cutoff is **October 28, 2015**. The deadline for summary judgment motions is **November 27, 2015**.

### Requests for Production

On November 7, 2014, the Plaintiff served J. Mark's with a First Request for Production. See **Exhibit A**. Defendant requested extensions of time to respond. J. Mark's, ultimately, served its Amended Response to First Request for Production on February 27, 2015. See **Exhibit B**. The Plaintiff moves to compel better responses to the following Production Requests:

1

**Request # 1:**   J. Mark's objections are without merit.  Since Plaintiff and the opt-ins were employees, documents which relate to them and their employment is highly discoverable, even if outside a 3-year liability period.  Using Defendant's logic, it would not have to turn over an opt-in's job application from 5 years ago, simply because the document was not created in the three years prior to the lawsuit being filed.  Plaintiff has a 5-years statute of limitations under Florida law for minimum wage claims, and should be entitled to documents *in that time period*.

**Request # 2:**   The Defendant's objections are boilerplate, and should be overruled.  Moreover, the Defendant's claim of privilege fails because it fails to provide a privilege log.

**Request # 3:**   The Defendant has produced responsive documents as to the Plaintiff, and opt-in plaintiffs Perlin, Aguilar, Vallee, Gomes and Marzolf, *however,* Defendants have not produced documents for other opt-ins.

**Request # 4:**   The Defendant's objections are boilerplate, and should be overruled.  This is an FLSA case where Plaintiff alleges she was required to share her tips with employees *ineligible* to participate in a tip pool (*e.g.,* silverware rollers, expediters, etc.).  Documents related to those *ineligible* employees is relevant and discoverable, as they may include information regarding pay rates and job duties and the identities of people sharing in the tip pool.

**Request # 5:**. Plaintiff restates and reincorporates the argument in Request # 1, supra.

**Request # 6:**   J. Mark's objections are boilerplate and should be overruled.  Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA.   Prior FLSA settlements (judicially supervised or otherwise) at any point in time go to the issue of good faith and Defendants' willfulness.

* * *

**Request # 8:**   Plaintiff restates and reincorporates the argument in Request # 4, supra.

**Request # 9:**   The objections are without merit and should be removed.  Under Plaintiff's minimum wage claim under state law, she is entitled to damages going back 5 years.  Ultimately, as this is an unlawful tip pool FLSA case, any documents from company meetings related to tipping, tip pooling or tip sharing—regardless of time—are important and discoverable.

**Request #10:** Plaintiff restates and reincorporates the argument in Request # 6, supra.

**Request # 11:**   The Plaintiff is specifically seeking job description documents for *ineligible* employees who participated in the tip pool.  Thus, Plaintiff seeks documents for employees who were specifically *not* servers or bartenders.  The objections are without merit.

**Request # 12:** Defendant's objections are without merit. Any documents related to how the Defendant's tip pool or tip credit was set up, organized or operated—and which employees (by job category) *participated* in that tip pool—are discoverable, and go to the heart of this case.

**Request # 13:** The Defendant's objections are boilerplate, and should be overruled. Moreover, the Defendant's claim of privilege fails because it fails to provide a privilege log. Plaintiff's state law minimum wage claim has a liability period of five years, so obtaining discovery within that five year period is entirely proper. Moreover, even documents of procedures for reporting tips older than five years are discoverable because they may have been in effect while the Plaintiff and opt-ins were working for the Defendants.

**Request # 14:**

Plaintiff restates and reincorporates the argument in Request # 4, supra.

**Request # 15:**

Plaintiff restates and reincorporates the argument in Request # 12, supra. Defendant was required to inform Plaintiffs about the tip credit. 29 CFR 531.59(b), and those documents related thereto must be discoverable.

**Request # 16:** The Defendant's objections are boilerplate, and should be overruled. To the extent the Plaintiff and opt-in plaintiffs may have had to "tip-out" an amount calculated as a percentage of their sales, documents showing sales per shift, and shifts per day, are discoverable.

**Request # 17:** Defendant's claim of privilege fails because it fails to provide a privilege log. Though Defendant has produced some records, the objection should be removed.

**Request # 18:**

Plaintiff restates and reincorporates the argument in Request # 17, supra.

**Request # 19:**

Plaintiff restates and reincorporates the argument in Request # 17, supra.

**Request # 20:**

Emails between management employees, officers or directors of the Defendants, regarding issues in this case are clearly discoverable. The Defendant's objections are boilerplate, and should be overruled. Moreover, the Defendant's claim of privilege fails because it fails to provide a privilege log.

**Request # 21:**

The Defendant's objections are boilerplate, and should be overruled. Bonuses or

3

incentive pay to managers for keeping costs down, is relevant to explain why the Defendants had Plaintiff and opt-in plaintiffs share tips (*i.e.,* subsidize the wages) with non-tipped employees.

**Request # 22:**

Plaintiff restates and reincorporates the argument in Request # 1, supra.

**Request # 23:** The Defendant's objections are without merit. Central to this case is whether Plaintiff tipped out employees who do not customarily receive tips. The Plaintiff is entitled to documents of how these ineligible employees were paid (hourly, salary, per shift, etc.) to determine if Defendant properly took a tip credit for them.

**Request # 24:** Defendant's claim of privilege fails for lack of a privilege log. Contrary to the Defendant's assertion, the Defendant's affirmative defenses *are not* plead with any specificity. It would defy logic that Defendant would be able to assert 27 affirmative defenses, see Answer (DE 6), and *not* be required to turn over the documents related to those defenses.

**Request # 25:**

Defendant's claim of privilege fails because it fails to provide a privilege log, and its objection is otherwise boilerplate. The objection should be removed, because the Defendant should be required to produce documents which *itself* has identified in interrogatory resposnes.

**Request # 26:** The Defendant's objections are boilerplate, and should be overruled. Understanding the ownership of J. Mark's relates to which persons/entities may have liability. Although J. Mark's claims to have produced responsive records, the Plaintiff has *not* received any business/partnership agreements, or memorandums of understanding.

**Request # 27:** J. Mark's objections are boilerplate and should be overruled, along with its claim of privilege (without a privilege log). Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA. Prior *FLSA lawsuits* where the Defendant signed sworn interrogatory responses *at any point in time* go to the issue of good faith and Defendants' willfulness in violating the FLSA. Such documents are likely to contain important, discoverable information.

**Request # 28:** J. Mark's objections are boilerplate and should be overruled, along with its claim of privilege (without a privilege log). Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA. Prior FLSA lawsuits where the Defendant produced documents *at any point in time* go to the issue of good faith and Defendants' willfulness in violating the FLSA.

4

**Request # 29:** J. Mark's objections are boilerplate and should be overruled, along with its claim of privilege (without a privilege log).  Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA.  Certainly, if the Defendant gave a deposition in a prior FLSA lawsuit *at any point*, that transcript would contain significant amounts of discoverable information.  Prior deposition testimony relates to good faith and Defendants' willfulness in violating the FLSA.

**Request # 30:**

J. Mark's objections are boilerplate and should be overruled, along with its claim of privilege (without a privilege log).  Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA.  If the Defendant entered into a confidentiality agreement regarding discovery in a prior case, such a document may contain significant amounts of discoverable information, and could be evidence of Defendants' willfulness and *lack* of good faith.

**Request # 31:** J. Mark's objections are boilerplate and should be overruled, along with its claim of privilege (without a privilege log).  Defendants' Affirmative Defense #'s 2, 3, 10, and 15, *all* claim that the Defendants had a "good faith" basis to believe its actions did not violate the FLSA.  Certainly, if the Defendant was investigated by the Department of Labor and documents related thereto were produced, that would be highly discoverable information.  Such documents *at any point in time*, *could* be evidence of that Defendant acted willfully with respect to its FLSA violations in this case.

**Request # 32:** Plaintiff restates and reincorporates the argument in Request # 31, supra.

**MEMORANDUM OF LAW**

Pursuant to Rule 37 Fed.R.Civ.P., the Plaintiff is authorized to compel responses to her Request for Production.  Rule 37(a)(5), Fed.R.Civ.P. provides that movant may seek their expenses associated with filing the motion to compel interrogatories or documents pursuant to Rule 33 and 34.  The Plaintiff is requesting that the Court grant the instant motion and award $1,400.00 in fees (4.0 hours x $350.00 lodestar rate  = $1,400.00).

**WHEREFORE**, in light of the foregoing, the Plaintiff respectfully requests that this Court  enter an order compelling Defendant to make full and complete responses to Plaintiff's First Request for Production of Documents within seven (7) days, order the corporate Defendant to pay $1,400.00 in attorneys' fees, and grant all other relief deemed appropriate.

5

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorney for Plaintiff
        1930 Tyler St.
        Hollywood, FL 33020
        (954) 922-2298 (phone)
        (954) 922-5455 (fax)
        peter@boberlaw.com
        <u>s/.  Peter Bober</u>
        FBN:  0122955

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Fed.R.Civ.P. 26(c) and Local Rule 7.1A(3)(a), counsel for Plaintiff certifies that he in good faith contacted opposing counsel by telephone and email about the responses set forth herein—and additionally, provided a significant amount of time for the Defendants to supplement it responses.  Although supplemental responses were made, the above identified deficiencies still remain.

        <u>s/. Peter Bober</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        <u>s/. Peter Bober</u>

## **SERVICE LIST**

Peter Bober, Esq.
BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

Rachel Beige, Esq.
COLE, SCOTT & KISSANE, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977
E-Mail: Rachel.Beige@csklegal.com
Attorneys for Defendants